## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| RICHARD KLONOSKI, | ) |
|                                    PLAINTIFF | ) |
| v. | ) |
| ROBERT WILKIE, *in his official capacity as Secretary of the United States Department of Veterans Affairs*, | ) CIVIL NO. 1:20-cv-67-DBH |
| AND | ) |
| RONNIE MARRACHE, | ) |
|                                  DEFENDANTS | ) |

## DECISION AND ORDER ON MOTION TO DISMISS

This decision concerns whether a Veterans Affairs ("VA") physician can sue his employers in their official and individual capacities for retaliation under the Family Medical Leave Act (FMLA). Courts across the country uniformly understand the statute to afford a private right of action to federal employees only under Title I of the FMLA. Because the plaintiff is a Title II employee, the FMLA does not entitle him to sue either the VA Secretary in his official capacity or the chief of medical services in his individual capacity. I **GRANT** the defendants'[1] motion to dismiss for failure to state a claim on this basis, and I

---

[1] Although the cover page and signature on the motion to dismiss and reply mention only the VA Secretary, the motion to dismiss says in text that the U.S. Attorney's Office is also representing the individual Dr. Marrache. See Mot. to Dismiss at 1 n.1 (ECF No. 12). The motion to dismiss explains that Dr. Marrache is "in the process of submitting a request to the U.S. Department of Justice" to have the U.S. Attorney represent him and that in the meantime DOJ policy permits the U.S. Attorney "to seek dismissal on [Dr.] Marrache's behalf." Id.

find it unnecessary to address the parties' contentions about whether a jury trial is available.

## BACKGROUND

For purposes of ruling on the motion to dismiss for failure to state a claim,[2] I view the Complaint's well-pleaded allegations in the light most favorable to the plaintiff and ask whether the Complaint "contains sufficient factual matter to state a claim to relief that is plausible on its face." Carrero-Ojeda v. Autoridad de Energía Eléctrica, 755 F.3d 711, 717 (1st Cir. 2014) (alteration omitted) (quotation marks omitted).

According to the Complaint, the Togus Veterans Affairs Maine Healthcare System ("Togus VA") employed the plaintiff Dr. Klonoski as a physician. Compl. ¶ 7 (ECF No. 1). Dr. Klonoski's mother suffered from dementia. Id. ¶ 11. In 2015 Dr. Klonoski used sick leave to care for her, and in 2016 through 2018 he used approved FMLA leave. Id. ¶¶ 12, 15-16, 18-19, 29. The defendant Dr. Marrache, who is the chief of medical services, and another supervisor took a variety of actions to deter him from exercising his FMLA rights and to retaliate against him for exercising them. These actions included downgrading his rating in a proficiency report, criticizing his use of leave, accusing him of subpar medical care, and influencing the decisions to suspend and ultimately remove him. Id. ¶¶ 14, 17, 20-21, 30-33, 39-40, 43-48, 54-55, 56, 58, 61, 65.

---

[2] I deny the motion on the basis that the Complaint fails to state a claim, though I acknowledge that some courts have resolved the issue by way of subject matter jurisdiction. See, e.g., Burg v. U.S. Dep't of Health & Human Servs., 387 F. App'x 237, 240 (3d Cir. 2010) (affirming the district court's dismissal of FMLA claim for lack of subject matter jurisdiction). "[T]he dispositive issue is whether [the] plaintiff has a private right of action to enforce the [FMLA] in federal court." Keen v. Brown, 958 F. Supp. 70, 71-72 (D. Conn. 1997).

Dr. Klonoski sued the Secretary of the U.S. Department of Veterans Affairs in his official capacity and Dr. Marrache in his individual capacity for violating the FMLA's protections against retaliation.  Id. ¶ 63; see 29 U.S.C. §§ 2615(a), 2617.  He seeks a declaration that his termination was unjustified, reinstatement to his position, backpay with interest, liquidated damages, and attorney fees and costs.  Compl. at 12.  The defendants have moved to dismiss for "lack of subject matter jurisdiction or for failure to state a claim," Fed. R. Civ. P. 12(b)(1), (b)(6), and to strike his demand for a jury trial.  Mot. to Dismiss (ECF No. 12).

## ANALYSIS

The defendants argue that Dr. Klonoski was an employee under FMLA Title II rather than Title I and has no private cause of action for FMLA retaliation.  I agree.

The FMLA sorts employees into two mutually exclusive categories, Title I and Title II.  See, e.g., Mann v. Haigh, 120 F.3d 34, 36-37 (4th Cir. 1997); Coulibaly v. Tillerson, 273 F. Supp. 3d 16, 33 (D.D.C. 2017).  Title I governs private employees and federal employees not covered by Title II.  See 29 U.S.C. § 2601 et seq.; Russell v. U.S. Dep't of the Army, 191 F.3d 1016, 1018 (9th Cir. 1999); Burg v. U.S. Dep't of Health & Human Servs., 387 F. App'x 237, 240 & n.4 (3d Cir. 2010).

But Dr. Klonoski is a Title II employee.  The Title I definition of "eligible employee" expressly excludes federal employees covered under Title II.  29 U.S.C. § 2611(2)(B)(i).  The definition of "employee" in Title II encompasses employees "as defined by [5 U.S.C. §] 6301(2), *including any individual employed in a position referred to in clause (v)* or (ix) of section 6301(2)," who have completed at

3

least 12 months of service.  5 U.S.C. § 6381(1) (emphasis added).  Subsection (v) of section 6301(2) includes, "a physician, dentist, or nurse in the Veterans Health Administration of the Department of Veterans Affairs."  The Complaint says that Togus VA employed Dr. Klonoski as a physician from January 2008 to August 2019.  Compl. ¶ 7.  As a VA physician who had served well over 12 months, he satisfies the Title II employee definition.

Although the FMLA guarantees both Title I and II employees substantive rights, it affords only Title I employees an express private right of action to enforce those rights.  Compare 29 U.S.C. § 2617(a)(2), with 5 U.S.C. §§ 6381-6387.[3]  See, e.g., Mann, 120 F.3d at 37; Russell, 191 F.3d at 1018.

Dr. Klonoski argues that even if he cannot sue the VA Secretary in his official capacity, he nonetheless can sue Dr. Marrache in his individual capacity because the government's sovereign immunity does not bar such a suit.  Pl.'s Obj. at 6-7 (ECF No. 15).  It is true that cases holding that Title II employees cannot sue their federal employers have reached that conclusion in part because they found no express statutory waiver of sovereign immunity in Title II of the FMLA, whereas Title I expressly grants a private cause of action.  See, e.g., Mann, 120 F.3d at 37.  The fact remains, however, that the FMLA does not grant a

---

[3] The private right of action granted in 29 U.S.C.A. § 2617(a)(2) provides:
    **(2) Right of action**
     An action to recover the damages or equitable relief prescribed in paragraph (1) may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of—
        **(A)** the employees; or
        **(B)** the employees and other employees similarly situated.
There is no equivalent provision in Title II.  See 5 U.S.C. §§ 6381-6387.

cause of action to Title II employees to sue anyone. Dr. Klonoski cites no authority for his argument that a Title II employee can sue public officials in their individual capacities.[4] Courts that have addressed the issue have rejected such claims. See Jackson v. Wilkie, No. 4:19-CV-00721-SDJ-CAN, 2020 WL 4912916, at *9 (E.D. Tex. July 21, 2020), R. & R. adopted, 2020 WL 4884003 (E.D. Tex. Aug. 20, 2020); Cruthirds v. Lacey, No. 5:14-CV-00260-BR, 2017 WL 2242868, *3 (E.D.N.C. May 22, 2017) (noting that all Fourth Circuit district court decisions determining that public officials could be liable in their individual capacities involved Title I employees); Valencia v. Dep't of Interior, No. 3:08-CV-69-WKW, 2008 WL 4495694, at *12-13 (M.D. Ala. Oct. 7, 2008); Wiley v. Paulson, No. 3:05-CV-724-L, 2008 WL 2845299, at *5 (N.D. Tex. July 16, 2008), aff'd, 329 F. App'x 512 (5th Cir. 2009).

I conclude that the FMLA does not afford Dr. Klonoski, as a Title II employee, a private right of action against his employers in either their official or individual capacities.

## CONCLUSION

Accordingly, the defendants' motion to dismiss is **GRANTED**.

**SO ORDERED.**

**DATED THIS 2ND DAY OF NOVEMBER, 2020**

/s/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[4] The parties acknowledge a circuit split on whether public officials can be held liable in their individual capacities as "employer[s]" under Title I of the FMLA. 29 U.S.C. § 2611(4); Mot. to Dismiss at 10; Pl.'s Obj. at 7-8. But I need not resolve that issue in order to conclude that Title II employees lack a private right of action against their employers in any capacity.